GREGORIO JACA LASALLE, Petitioner and Appellant, JUAN CRUZ, and JOSEFA JACA JÁUREGUI ET ALS., Respondents and Appellees.

No. 7922. Argued April 10, 1939.—Decided June 7, 1939.

*Gaspar Encarnación* for petitioner-appellant. *J. B. García Méndez* for defendants-appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Gregorio Jaca Lasalle filed a sworn petition in the District Court of San Juan requesting that he and his brothers, whose names and addresses are given, be declared the only and universal heirs of their cousin Bartolomé Jaca Jáuregui. It was stated in the petition that the said Bartolomé Jaca

Jáuregui died in Río Piedras, his last domicile, on February 3, 1938, without leaving a will nor descendants or ascendants, and that his closest relatives were his cousins, the petitioner and his brothers aforesaid.

Notice by publication was given to any who might have an interest in the inheritance, and finally, by a decision of August 31, 1938, Gregorio Jaca Lasalle and his brothers were declared sole and universal heirs of Bartolomé Jaca Jáuregui, without prejudice to a third party in due course.

Under this state of affairs, on September 17, 1938, the brothers of the deceased, Juan Cruz and Josefa Jaca Jáuregui, his half-brothers Marcos, Vicenta and María Concepción Jaca Echevarría, and his niece María Lacunza Jaca, legitimate daughter of María Rosario Jaca Echevarría, sister of the deceased, who had died before him on April 17, 1908, appeared. The brothers and niece of the deceased requested that the decision of August 31, 1938, aforesaid, be annulled and that in its stead another be rendered declaring the petitioners, brothers and niece of the deceased, the only and universal heirs of the latter.

After hearing the parties and on the merits of the evidence presented, the lower court, on October 10, 1938, annulled its decision of August 31st and declared only and universal heirs of Bartolomé Jaca Jáuregui his brothers, half-brothers and niece aforementioned, in the manner and proportion determined by law.

Not being in accord with this decision, Gregorio Jaca Lasalle and his brothers appealed to this Court on November 14, 1938. They filed the record, but not the transcript of the evidence nor a writ of errors or statement of the case.

The appellees, on the 16th of March, filed a motion requesting that the appeal be dismissed as frivolous. Said motion was set for hearing for April 10th, and on said date it was submitted to the Court after an oral argument by both parties.

■ As the appellants have not filed the transcript of the evidence before this Court, we must decide the sufficiency of the appeal from the petition of appellees, on which the decision declaring them heirs was based, from the answer filed by appellant in the lower court and from the judgment appealed from.

■ The sworn petition of appellees is strictly in accordance with the provisions of Section 552 of the Code of Civil Procedure (1933 ed.), which determines what allegations should be made in a petition for declaration of heirs.

In their answer appellants do not deny that the appellees are brothers, half-brothers and niece, respectively, of the deceased Bartolomé Jaca Jáuregui. They limit their answer to the following allegations:

"1. That this Court has no jurisdiction to hear the motion to leave without effect the judgment filed by Pedro J. Labayen as attorney-in-fact of Juan Cruz and Josefa Jaca Jáuregui, Marcos, Vicenta and María Concepción Jaca Echevarría, and María Lacunza Jaca, because from said motion it appears that there is a diversity of citizenship and domicile between the petitioners and the defendants, and that therefore the court with jurisdiction to hear this case is the United States District Court for the District of Puerto Rico.

"2. That even assuming that this Court had jurisdiction, the petition does not state sufficient facts to state a cause of action in favor of defendants.

"3. That from defendants' motion itself it is clear that they are residents of Spain and that therefore they are bound by Section 342 of the Code of Civil Procedure of Puerto Rico to file, each and every one of them, a bond for $300 before continuing the case.

"4. That there is laches in the defendants' motion in this case and that the declaration of heirs which it tries to annul must be annulled in a collateral suit and not within this proceeding."

The manifest lack of grounds of the four issues of law hereinbefore set forth in the best proof of the frivolity of the appeal. How can the diversity of citizenship indicated by the appellants have anything to do with the present case? Is this, then, a suit filed in the District Court of the United .

States for Puerto Rico, or a petition for removal to said Court?

The procedure to be followed by petitioners in cases like this is provided for in detail in Sections 553 of the Code of Civil Procedure (1933 ed.), which states as follows:

"Persons filing claims adverse to the petitioner must file their answers containing specified statements of their claims against the petitioner and against each other. When the case is ready for trial, the judge shall, on the application of any party, set the hearing for a day and hour not less than five nor more than eight days thereafter. On the appointed day the judge shall hear the oral testimony, look into the evidence submitted by the claimants in person or by their attorneys, and shall, within six days thereafter, pronounce judgment from which an appeal might be taken. Any claimant may make his appearance at any stage the proceedings for the declaration of heirship, provided that the prosecution thereof shall not be delayed by such dilatory appearance. Final judgment having been rendered any claimant who has had no notice of the proceedings and did not appear therein and who has a well-founded right to the inheritance may establish and enforce his right against those who have been judicially declared heirs thereby."

As appears from the above Section, it is not necessary that the petitioners file an independent suit to enforce their rights. The issue can be decided in the proceedings for declaration of heirs. Section 342 of the Code of Civil Procedure is not applicable either, since the status of the petitioners in cases such as this is more of defendants than of complainants. They are brought to the proceeding to defend their rights against adverse pretentions of the petitioners. For this reason Section 553, *supra,* classifies these claims as answers and not as complaints.

■ It appearing from the petition of the appellees that their relationship to the deceased is closer than that alleged by appellants, and as their petition is keeping with the provisions of Section 552 of the Code of Civil Procedure (1933 ed.), and as it is evident that the supposed issues of

law raised by the appellants are groundless, the motion of the appellees should be granted and the appeal dismissed as frivolous.